[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13725
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

Agency No. A071-587-260


KAPILA WIJESIRI WIMALARATNE,

                                                            Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 20, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Kapila Wimalaratne, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals's ("BIA") decision denying his motion for reconsideration of the BIA's earlier order denying his motion to reopen his removal proceedings pursuant to 8 C.F.R. § 1003.2(b). Wimalaratne argues that the BIA should have reconsidered its earlier decision and reopened his case due to ineffective assistance of counsel and changed country conditions in Sri Lanka. Wimalaratne also asks us to remand his case to the BIA so that he may present new evidence regarding his former counsel's ineffective assistance. For the reasons stated below, we deny the petition for review.

I.

In 1991, Wimalaratne filed an application for asylum with the Immigration and Naturalization Service ("INS"). In his application, he explained that he had worked as an informant for the Sri Lankan government, and had assisted in the apprehension of several terrorists. As a result, the terrorists threatened to take revenge against him. The INS referred Wimalaratne's asylum application to an Immigration Judge ("IJ") for a hearing. The INS also issued a Notice to Appear charging that Wimalaratne was removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant who had remained in the United States for a time longer than permitted.

During his removal proceedings, Wimalaratne was represented by attorney Mahinda Bogollagama. In January 1999, Wimalaratne appeared before an IJ for a removal hearing. The transcript of this hearing is not included in the administrative record, but it appears that Wimalaratne withdrew his asylum application during the hearing and requested voluntary departure. The IJ issued an order permitting Wimalaratne to voluntarily depart prior to May 21, 1999. In the event that Wimalaratne failed to leave the country by that date, the IJ ordered that he be removed to Sri Lanka.

In January 2008, Wimalaratne, represented by new counsel, filed a motion to reopen his removal proceedings. Wimalaratne acknowledged that his motion had not been filed within the 90-day deadline for motions to reopen, but he noted that the IJ had the authority to *sua sponte* reopen his case based on exceptional circumstances. He asserted that his former attorney, Bogollagama, had provided him with ineffective assistance of counsel. Wimalaratne explained that he had intended to proceed with his request for asylum at the removal hearing, but Bogollagama incorrectly informed the IJ that he wanted to withdraw his asylum application and plead for voluntary departure. In addition to his ineffective-assistance arguments, Wimalaratne also asked the IJ to reopen his removal proceedings based on changed country conditions. He explained that the

3

level of violence in Sri Lanka had worsened in the years since he filed his asylum application.

Wimalaratne provided an affidavit in support of his motion to reopen. He explained that, while he was living in Sri Lanka, he worked as a government informant. His information led to the arrest of several members of the Liberation Tigers of Tamil Eelam ("LTTE"). As a result, Wimalaratne and his family were threatened by the LTTE, and he eventually had to flee the country. Wimalaratne explained that the security situation in Sri Lanka had deteriorated in recent years, with the LTTE killing hundreds of civilians. Wimalaratne's brother was killed by the LTTE in October 1995, and his cousin was killed in July 2004.

To support his claim of changed country conditions, Wimalaratne submitted a series of articles describing killings, assassinations, and suicide bombings perpetrated by the LTTE. One of these articles described the murder of Wimalaratne's cousin. According to this article, the initial evidence suggested that the murder "might be linked to [a] business dispute." The record also included a U.S. State Department Background Note on Sri Lanka issued in November 2007. According to this report, the armed conflict between the LTTE and the Sri Lankan government had been ongoing since 1983.

The IJ issued an order denying Wimalaratne's motion to reopen. First, the

4

IJ observed that, if Wimalaratne felt that he had received ineffective assistance of counsel, he had an obligation to assert that claim within a reasonable period of time. The IJ concluded that Wimalaratne's decision to wait more than nine years to bring his ineffective-assistance claim was not reasonable. Regarding Wimalaratne's claim of changed country conditions, the IJ observed, "Sri Lanka sadly enough remains in the same spiral of civil unrest that it was in when the respondent withdrew his asylum claim and sought and was granted voluntary departure." The IJ concluded that there had been no material change in country conditions that warranted reopening Wimalaratne's removal proceedings. Accordingly, the IJ denied the motion to reopen.

Wimalaratne appealed to the BIA, but the BIA adopted and affirmed the IJ's decision. The BIA agreed with the IJ that Wimalaratne had not presented material evidence of changed country conditions. The BIA noted that generalized conditions of violence do not give rise to a well-founded fear of persecution under the INA. The BIA further observed that Wimalaratne had not exercised due diligence in raising his ineffective-assistance-of-counsel claim. Moreover, the BIA pointed out that Wimalaratne had not complied with the procedural standards set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

Wimalaratne moved for reconsideration of the BIA's order. He argued that

5

the BIA had failed to consider the fact that two of his family members had been killed after he left Sri Lanka in 1989. He explained that his asylum claim was based on his fear that he personally would be targeted by the LTTE, not just on the general conditions of violence and civil unrest in Sri Lanka. Wimalaratne further argued that the BIA and the IJ erred in finding that he had not exercised reasonable diligence in raising his ineffective-assistance claim. He observed that *Matter of Lozada* did not set forth any specific timeline as to when an ineffective-assistance claim must be brought. He explained that he could not have known about Bogollagama's deficient performance until he retained a new attorney to represent him.

The BIA denied Wimalaratne's motion for reconsideration. The BIA found no errors of fact or law in its order denying the motion to reopen. The BIA observed that Wimalaratne not only failed to exercise due diligence in bringing his ineffective-assistance claim, but also failed to comply with the procedural requirements for raising such a claim. Moreover, the BIA noted that the time period for filing a motion to reopen was mandatory and jurisdictional, and was not subject to equitable tolling, even for claims of ineffective assistance of counsel.

## II.

We review the BIA's denial of a motion to reconsider for an abuse of

6

discretion.  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  A motion to reconsider must identify specific errors of fact or law in the BIA's prior decision.  8 C.F.R. § 1003.2(b)(1). The motion must do more than simply repeat arguments that the BIA already has rejected.  *Calle*, 504 F.3d at 1329.

An alien who is subject to a final order of removal may move the BIA to reopen his removal proceedings based on new evidence.  8 C.F.R. § 1003.2(c)(1).  Generally, a motion to reopen must be filed within 90 days of the entry of a final order of removal.  8 C.F.R. § 1003.2(c)(2).  This time limit is mandatory and is not subject to equitable tolling.  *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).  The 90-day time limit does not apply, however, if the motion to reopen is based upon changed country conditions.  8 C.F.R. § 1003.2(c)(3)(ii).  In addition, the BIA has the authority to *sua sponte* reopen an alien's removal proceedings at any time.  8 C.F.R. § 1003.2(a).  Because the BIA has discretion over whether to *sua sponte* reopen a case, we lack jurisdiction to review the BIA's refusal to exercise that discretion.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).

The BIA has held that an alien must satisfy three procedural requirements in order to bring a claim for ineffective assistance of counsel.  *Matter of Lozada*, 19 I. & N. Dec. at 639.  First, the alien must support his claim with an affidavit

7

describing the ways in which counsel's performance was defective. *Id.* Second, counsel must be given notice of the ineffective assistance claim and an opportunity to respond. *Id.* Third, the motion should state whether the alien has filed a complaint with the appropriate disciplinary bodies, and if not, why he has failed to do so. *Id.* We have explained that an alien seeking to raise an ineffective assistance claim must follow these procedural requirements. *See Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1222-23 (11th Cir. 2003) (affirming BIA's denial of ineffective assistance claim where the alien failed to comply with *Matter of Lozada*, and rejecting petitioner's argument that compliance with *Lozada* was unnecessary because counsel's ineffective assistance was "plain on the face of the record").

In this case, Wimalaratne's motion to reconsider did not establish that the BIA committed any factual or legal errors in denying his motion to reopen. In his motion to reconsider, Wimalaratne argued that *Matter of Lozada* did not establish any time limits for bringing an ineffective-assistance claim. As we have explained, however, motions to reopen are subject to a mandatory 90-day time limit, and are not subject to equitable tolling. *See Abdi*, 430 F.3d at 1150. Thus, the BIA properly determined that Wimalaratne's ineffective-assistance claim, raised nine years after he was ordered removed, was untimely. To the extent that

8

Wimalaratne was asking the agency to exercise its *sua sponte* authority to reopen his removal proceedings, the BIA had complete discretion over whether to grant or deny that request. *See Lenis,* 525 F.3d at 1293-94. Finally, Wimalaratne did not establish that he had complied with the procedural requirements set forth in *Matter of Lozada.* Thus, the BIA committed no errors of fact or law in declining to reopen Wimalaratne's case based on ineffective assistance of counsel.

In addition, Wimalaratne's motion for reconsideration did not show that the BIA committed any factual or legal errors in finding that his motion to reopen failed to establish changed country conditions. Wimalaratne argued in his motion for reconsideration that the BIA had failed to consider the fact that his brother and his cousin had been killed. However, the violence in Sri Lanka, and the killings and terrorist attacks perpetrated by the LTTE, have been ongoing since 1983. The deaths in Wimalaratne's family, although tragic, do not show that country conditions in Sri Lanka have worsened since Wimalaratne was granted voluntary departure in 1999. Accordingly, the BIA did not abuse its discretion by denying Wimalaratne's motion for reconsideration. *See* 8 C.F.R. § 1003.2(b)(1); *Calle,* 504 F.3d at 1328.

### III.

In an immigration case, our review is limited to the administrative record.

9

INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). We may not order a remand for consideration of new evidence that was not previously presented to the IJ or the BIA. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1) (stating that a reviewing court "may not order the taking of additional evidence" under 28 U.S.C. § 2347(c)); *see also Al Najjar v. Ashcroft*, 257 F.3d 1262, 1278-79, 1281 (11th Cir. 2001) (explaining that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 eliminated our authority to remand a case to the BIA for consideration of new evidence). Thus, we do not have the authority to grant Wimalaratne's request that we remand his case so that he may present new evidence to the BIA.

Accordingly, after review of the administrative record and the parties' briefs, we deny the petition for review.

**PETITION DENIED.**