[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15480
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

Agency No. A071-587-260

KAPILA WIJESIRI WIMALARATNE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 12, 2012)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Kapila Wimalaratne, a native and citizen of Sri Lanka, petitions for review

of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen his

removal proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). On appeal, Wimalaratne first argues that we should allow equitable tolling of the 90-day period for filing a motion to reopen where the motion raises a claim of ineffective assistance of counsel. Second, he asserts that we have jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority because he raised the constitutional claim that he received ineffective assistance of counsel. For the reasons set forth below, we deny the petition for review in part and dismiss the petition for review in part.

I.

Wimalaratne filed an application for asylum with the Immigration and Naturalization Service ("INS") in 1991. In 1998, the INS referred Wimalaratne's application to an Immigration Judge ("IJ") for a hearing. The INS also issued a Notice to Appear to Wimalaratne, charging that he was removable under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant who remained in the United States for a time longer than permitted.

During his removal proceedings, Wimalaratne was represented by attorney Mahinda Bogollagama. Wimalaratne's individual hearing before an IJ was scheduled for January 1999. The transcript of this hearing is not included in the

2

administrative record, but it appears that Wimalaratne withdrew his asylum application during the hearing and requested voluntary departure.  The IJ issued an order permitting Wimalaratne to voluntarily depart prior to May 21, 1999.  In the event that Wimalaratne failed to leave the country by that date, the IJ ordered that he be removed to Sri Lanka.

In January 2008, Wimalaratne, represented by new counsel, filed a motion to reopen his removal proceedings.  Wimalaratne acknowledged that his motion had not been filed within the 90-day deadline for motions to reopen, but argued that the IJ had the authority to *sua sponte* reopen the case based on exceptional circumstances.  He asserted that the exceptional-circumstances requirement was met in his case because his former attorney,  Bogollagama, had provided him with ineffective assistance of counsel.  Wimalaratne  explained that he had intended to proceed with his request for asylum at the removal hearing, but Bogollagama incorrectly informed the IJ that he wanted to withdraw his asylum application and plead for voluntary departure.

Wimalaratne submitted an affidavit in support of his motion to reopen.  He explained that he left Sri Lanka to escape threats from a terrorist group.  He had hoped to return to Sri Lanka, but when the political situation in Sri Lanka continued to deteriorate, he decided to apply for asylum in the United States.  At

3

the January 1999 hearing, however, Bogollagama told the IJ that Wimalaratne wanted to withdraw his asylum application and apply for voluntary departure. Wimalaratne did not want to embarrass his attorney, so he simply agreed with his attorney's statements when the IJ asked him whether he was withdrawing his asylum application and seeking voluntary departure.

The IJ denied Wimalaratne's motion to reopen and declined to *sua sponte* reopen Wimalaratne's removal proceedings. The IJ explained that, if Wimalaratne felt that he had received ineffective assistance of counsel, he had an obligation to assert that claim within a reasonable period of time. Wimalaratne's decision to wait more than nine years to bring his ineffective-assistance claim was not reasonable.

Wimalaratne appealed to the BIA. The BIA adopted and affirmed the IJ's order denying Wimalaratne's motion to reopen. The BIA observed that Wimalaratne had not exercised due diligence in raising his claim of ineffective assistance of counsel. Wimalaratne moved for reconsideration of the BIA's order, and the BIA denied Wimalaratne's motion for reconsideration.

Wimalaratne petitioned for review of the BIA's denial of his motion for reconsideration, and he asked us to remand the case to the BIA to allow him to present new evidence regarding Bogollagama's ineffective assistance.

*Wimalaratne v. U.S. Att'y Gen.*, 427 F. App'x 700, 701 (11th Cir. 2011). We denied Wimalaratne's petition for review. *Id.* at 705.

On June 30, 2011, Wimalaratne filed a second, *pro se* motion to reopen his case *sua sponte*. He argued that Bogollagama's ineffective assistance was an exceptional circumstance that warranted reopening the case, and that he had only recently learned that Bogollagama's assistance was ineffective. Additionally, Wimalaratne asserted that he was denied due process because Bogollagama's ineffective assistance prevented him from seeking all available forms of relief during his removal proceedings. Wimalaratne attached a declaration to his motion, in which he stated that Bogollagama had helped Wimalaratne file his asylum application in 1991. Later, when Wimalaratne was placed in removal proceedings, Bogollagama withdrew the asylum application and insisted that Wimalaratne request voluntary departure. Bogollagama did not inform Wimalaratne of the consequences that would follow such a decision. Several years later, after consulting a new lawyer, Wimalaratne learned that Bogollagama had not signed the asylum application and that Bogollagama's Virginia law license had since been revoked. Wimalaratne also included a letter he sent to Bogollagama in October 2010 seeking the return of Bogollagama's fee due to the ineffective assistance.

The BIA denied the motion to reopen, which was untimely and numerically-barred under the INA. The BIA determined that the evidence Wimalaratne had submitted with his motion did not warrant either equitable tolling of the time limit or the exercise of its authority to reopen proceedings *sua sponte*. Moreover, in the Eleventh Circuit, the time period for filing a motion to reopen was not subject to equitable tolling, even where there was a claim of ineffective assistance of counsel. The BIA also noted that, although Wimalaratne seemed to meet the procedural requirements to raise a claim of ineffective assistance of counsel, he had not pursued his claim with due diligence.

## II.

When the denial of a motion to reopen is reviewable, it is reviewed for an abuse of discretion. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.2 (11th Cir. 2005). An alien must file a motion to reopen before the BIA within 90 days of the date on which the final order of removal was rendered. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Even where an alien has raised a claim of ineffective assistance of counsel, the 90-day time limitation "is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150, 1150 n.2 (11th Cir. 2005). Finally, "we are bound by earlier panel holdings unless and until they

6

are overruled en banc or by the Supreme Court." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (quotation and alteration omitted).

The BIA did not err in finding that equitable tolling could not excuse the untimely filing of Wimalaratne's motion to reopen. Under *Abdi*, the 90-day time period in which an alien must file a motion to reopen is "mandatory and jurisdictional" and "not subject to equitable tolling." 430 F.3d at 1150. We are bound to apply this rule to Wimalaratne's case because it has not been "overruled en banc or by the Supreme Court." *Horowitch*, 645 F.3d at 1258 (quotation omitted). Accordingly, we deny Wimalaratne's petition for review as it pertains to the BIA's finding regarding the inapplicability of equitable tolling.

## III.

Constitutional challenges are reviewed *de novo*. *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011). The BIA may reopen a case "at any time" *sua sponte*. 8 C.F.R. § 1003.2(a). There is no express statutory grant of authority to reopen cases *sua sponte*. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008). Rather, the authority derives from INA § 103(g)(2), 8 U.S.C. § 1103(g)(2), a statute granting general authority to the Attorney General over immigration matters. *Lenis*, 525 F.3d at 1293. Because there are no standards to govern the

7

BIA's exercise of its *sua sponte* discretion, we lack jurisdiction to review such a decision. *Id.* at 1293-94. In *Lenis*, we noted without deciding that we might have jurisdiction to review constitutional claims related to the denial of a motion to reopen *sua sponte*. *Id.* at 1294 n.7. In a case in which INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), provided us with jurisdiction to consider a constitutional claim, we noted that we nonetheless "lack[ed] jurisdiction [w]here a constitutional claim ha[d] no merit." *Alhuay*, 661 F.3d at 548 n.15 (quotation omitted); *see also Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

Aliens have the right to effective assistance of counsel during their removal proceedings. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003). To establish ineffective assistance, the "alien must establish that his or her counsel's performance was deficient to the point that it impinged the fundamental fairness of the hearing." *Id.* (quotations omitted).

Our jurisdiction over constitutional claims where the BIA has declined to exercise its *sua sponte* authority to reopen removal proceedings appears to be an open question. *See Lenis*, 525 F.3d at 1294 n.7. Nonetheless, we need not determine whether we have jurisdiction in such cases generally because here, we lack jurisdiction to consider Wimalaratne's meritless constitutional claim. *See Alhuay*, 661 F.3d at 548 n.15.

On appeal, Wimalaratne's ineffective assistance argument focuses on two points: (1) that Bogollagama did not file a notice of appearance with the 1991 asylum application, and (2) that Bogollagama withdrew Wimalaratne's asylum application in 1999 without properly advising Wimalaratne of the consequences of that action. As to the first point, Wimalaratne does not explain how the lack of a notice of appearance in 1991 actually affected his 1999 removal proceedings or rendered them unfair. That the IJ did not know that Bogollagama played a role in filing the original asylum application had no bearing on whether Wimalaratne received a fundamentally fair removal hearing. *See Gbaya*, 342 F.3d at 1221.

Wimalaratne also has not shown that Bogollagama's advice in 1999 rendered his removal proceedings unfair. *See Gbaya*, 342 F.3d at 1221. Although the transcript of the hearing before the IJ is not in the record, Wimalaratne stated in an affidavit that, when the IJ asked him whether he wished to withdraw his asylum application and seek voluntary departure, he agreed with Bogollagama's statement that he wished to take that course of action. Notwithstanding his assertion that he did not want to embarrass Bogollagama, Wimalaratne was given the opportunity during his removal hearing to inform the IJ that his attorney was taking a course of action that they had not discussed or agreed to, but he chose not to do so. Similarly, at that time, Wimalaratne could have informed the IJ that he

9

was unaware of the meaning of voluntary departure and the effect that it would have on his ability to remain in the United States. Because Wimalaratne had the opportunity to inform the IJ that he would like to pursue his asylum application, his removal proceedings were not rendered fundamentally unfair by his decision to follow his attorney's lead and withdraw that application and seek voluntary departure. *See Gbaya*, 342 F.3d at 1221. Thus, Wimalaratne's constitutional claim has no merit, and we lack jurisdiction to consider the claim. *See Alhuay*, 661 F.3d at 548 n.15. Accordingly, we dismiss Wimalaratne's petition for review as it pertains to his constitutional claim.

For the foregoing reasons, we deny the petition for review in part and dismiss the petition for review in part.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

10